[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this case as a hearings in damages. The plaintiff, Donald Reid testified. The defendant Richard Engelke testified. Exhibit #1 was filed by the plaintiff which was the plaintiffs' bill. Exhibit A filed by the defendant concerns the report of the Attorney Trial Referee. Exhibit B was filed which was an excerpt from the decision of the Attorney Trial Referee. The court heard the witnesses, reviewed the exhibits and reviewed the pleadings.
The court finds that Exhibit #1 was undisputed. The testimony of Mr. Engelke was not that the 59.9 hours were not spent, but rather that he has no money to pay the bill.
Mr. Reid testified that they had an oral agreement, that he would render services and that Mr. Engelke would pay. It was agreed that Mr. Savvaides would be billed at $125.00 per hour and Mr. Reid would be billed at $195.00 per hour.
Mr. Engelke hired Mr. Reid's office to collect $122,000.00 due on a note that his son owed him. There was then an action to set aside the fraudulent conveyance by the son to the wife. On the $122,000.00 note, a default judgment was obtained by Mr. Reid against the son. The fraudulent conveyance action was tried to an ATR and judgement was rendered against Mr. Engleke. The ATR concluded there was not sufficient fraud to set aside the conveyance.
The collateral issue of whether the attorney's fees should have been paid out of the $22,000.00 as ordered in Paragraph #31 CT Page 13396 of Exhibit B is not relevant to the court at this trial. This trial is not concerning collection, but rather is concerning responsibility for payment. The court finds the allegations of the complaint to be true on the first count for breach of contract and on the second count for quantum meruit. The court finds that the time spent after reviewing Exhibit #1 was fair and reasonable under all the circumstances, and that the sum of $10,161.50 is due. Judgment is rendered without costs or attorney's fees.
Accordingly, judgment may enter in the sum of $10,161.50.
KARAZIN, J.